**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| TERRY JAMES MARBLE, |   |
| Plaintiff, | Case No. 2:06-CV-11 TC |
| v. |   |
| PAUL McGARRY et al., | **MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT** |
| Defendants. |   |

Plaintiff, Terry James Marble, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (2007). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Screening Analysis

### A. Plaintiff's Allegations

Plaintiff alleges that Defendant subjected him to cruel and unusual punishment in violation of the Eighth Amendment by failing to provide him prescribed psychiatric medication for approximately eighteen days and by not timely responding to his health care requests. Specifically, Plaintiff alleges that he was prescribed lithium on February 1, 2005, but did not receive that medication until February 18, 2005. Plaintiff states that

Defendant told Plaintiff he did not need the medication despite the fact that it had been prescribed by a doctor. Plaintiff further alleges that he filed two health care requests regarding the denial of medication but did not receive a timely response.

Plaintiff alleges that the lack of lithium caused him to act erratically and led to him being disciplined for disorderly conduct and reckless endangerment. Plaintiff states that he was transferred to maximum security, lost his work and educational opportunities and was fined $250. Plaintiff also states that his life was threatened and he suffered mental anguish and torment while in maximum security. Plaintiff seeks compensatory damages and injunctive relief in the form of a return to minimum security and restoration of his former privileges.

**B. Legal Standard for Failure to Provide Medical Care Claims**

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (quoting *Greg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909 (1976)). "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). A medical

need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Allegations of mere negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment. "Delay in [providing] medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210. The Tenth Circuit has held that the "substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 949, 950 (10th Cir. 2001).

### C. Sufficiency of Plaintiff's Complaint

The Court finds Plaintiff's allegations insufficient to state a viable claim for relief under 42 U.S.C. § 1983. Regarding the objective prong of the deliberate indifference standard, Plaintiff's allegations do not support the conclusion

that the denial of lithium for roughly eighteen days caused Plaintiff substantial harm.  Although Plaintiff states that the lack of medication caused him "mental anguish and torment," he does not allege any facts showing that his suffering was comparable to a lifelong handicap, permanent loss, or considerable pain.  Instead, it appears from the Complaint that the primary injuries suffered by Plaintiff resulted from disciplinary sanctions imposed against him due to his misbehavior.

Even accepting Plaintiff's contention that the denial of lithium caused him to act out, leading to his transfer to a higher security unit and a concomitant loss of privileges, the disciplinary sanctions imposed on Plaintiff do not implicate due process protections because prisoners have no right under the Constitution to any specific classification or housing assignment.  See *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S. Ct. 864, 869 (1983); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.")  Reclassification will implicate a protected liberty interest only if it imposes an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life," or threatens to lengthen his term of confinement.  *Sandin v. Conner*, 515 U.S. 472, 485-87,

115 S. Ct. 2293, 2301 (1995). Plaintiff cannot show that the regime to which he was subjected as a result of the disciplinary sanctions was atypical by prison standards or that it lengthened his term of confinement.

Turning to the subjective prong under *Estelle*, Plaintiff's Complaint does not support the conclusion that Defendant was deliberately indifferent to Plaintiff's medical needs. Plaintiff's only allegation regarding Defendant's subjective state of mind is Defendant's alleged statement that Plaintiff did not need lithium. Although Plaintiff's medical records show that Plaintiff had a prescription for lithium during the time in question, the records also show overlapping prescriptions for two other medications including bupropion and amitriptyline. Moreover, the grievance records attached to the Complaint show that Plaintiff's treatment regimen and medications were in a state of flux during this time and that Plaintiff was being regularly monitored by medical staff.

Under these circumstances Defendant's alleged statement that Plaintiff did not need lithium appears to be merely a medical judgment based on Defendant's observation of Plaintiff, not a willful refusal to provide needed medication. As a psychiatric assistant responsible for day-to-day management of Plaintiff's condition and medications Defendant was in a position to evaluate which of the prescribed drugs would be beneficial for Plaintiff.

Even if Defendant's judgment that Plaintiff did not need lithium was wrong Plaintiff's allegations would amount only to medical malpractice, which "does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Plaintiff's allegation of deliberate indifference is also undermined by records showing that he received bupropion, an antidepressant, during the time in question. (Compl. at 14.) "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Ferranti v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980).

The Court also finds no support for Plaintiff's allegation that Defendant failed to timely respond to Plaintiff's health care requests. Plaintiff has submitted records showing that he filed two health care requests during the time he was being denied lithium. The first request, however, filed on February 10, 2005, involved a problem with Plaintiff's right ear and shoulder, a matter totally unrelated to Plaintiff's cause of action here. The second request, filed on February 15, 2005, did complain about denial of medication but appears to have been timely addressed based on Plaintiff's admission that he began receiving lithium just three days later. Far from showing deliberate indifference by Defendant these records instead show

that Plaintiff's concerns were promptly addressed once he filed a formal medical request concerning his medication.

In sum, Plaintiff's allegations do not support the conclusion that the short-term denial of lithium caused Plaintiff substantial harm or that it resulted from deliberate indifference by Defendant. Thus, the Court concludes Plaintiff's allegations are insufficient to state a claim under the Eighth Amendment.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. *See* 28 U.S.C.A. § 1915 (West 2007).

DATED this 24th day of January, 2008.

BY THE COURT:

*Tena Campbell*

Tena Campbell, Chief Judge
United States District Court